UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 04-30073-01-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | DEFENDANT'S MOTION |
| | ) | TO SEVER |
| ROBERT BEAUVAIS, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, Robert Beauvais, moves the court to sever Count 1 of the indictment from Counts 2, 3, 4, 5, and 6 pursuant to the Federal Rules of Criminal Procedure 12(b)(3)(D) and 14(a). The United States opposes the motion. Robert Beauvais' motion is denied.

**FACTS**

On August 26, 2004, defendants Robert Beauvais, Victoria Lee, and Frances Beauvais were indicted on charges of conspiracy, theft or embezzlement in connection with health care, and aiding and abetting in violation of 18 U.S.C. §§ 371, 669, 2. The alleged violations began sometime in 1996 and lasted through the time of the indictment. In Count 1 of the indictment, Robert Beauvais and Victoria Lee are charged with conspiracy to commit theft and embezzlement in connection with the Indian Health Service (IHS), the Community Health Representative (CHR), and Holistic

Health, Incorporated (HHI), in violation of 18 U.S.C. § 669.  In Count 2 of

the indictment, Robert Beauvais, Victoria Lee, and Frances Beauvais are

charged with conspiring to commit theft and embezzlement in connection

with the White River Health Care Center (WRHCC) in violation of 18 U.S.C.

§ 371.  In Count 3 of the indictment, Robert Beauvais, Victoria Lee, and

Frances Beauvais are charged with aiding and abetting theft and

embezzlement in connection with Victoria Lee's compensation at WRHCC in

violation of 18 U.S.C. §§ 669, 2.  In Count 4 of the indictment, Robert and

Frances Beauvais are charged with theft and embezzlement  in connection

with Robert Beauvais' compensation at WRHCC in violation of 18 U.S.C.

§§ 669, 2.  In Count 5 of the indictment, Robert Beauvais is charged with

theft and embezzlement in connection with his operation of WRHCC's credit

cards in violation of 18 U.S.C. § 669.  In Count 6 of the indictment, Robert

and Frances Beauvais are charged with theft and embezzlement in

connection with Frances Beauvais' compensation at WRHCC in violation of

18 U.S.C. §§ 669, 2.

## DISCUSSION

The Federal Rules of Criminal Procedure provide that "[t]he

indictment or information may charge a defendant in separate counts with 2

or more offenses if the offenses charged . . . are of the same or similar

character, or are based on the same act or transaction, or are connected
with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a).
The rules also allow for severance of claims "[i]f the joinder of offenses or
defendants in an indictment, an information, or a consolidation for trial
appears to prejudice a defendant or the government . . . ." Fed. R. Crim. P.
14(a). The first step in determining whether to sever offenses is to
determine whether joinder was proper under Rule 8. United States v. Ruiz,
2005 WL 1558883, at *13 (8th Cir. 2005). Although the court has
discretion to sever even properly joined offenses, "[t]he rules are to be
liberally construed in favor of joinder." Ruiz, 2005 WL 1558883 at *13
(citing United States v. Darden, 70 F.3d 1507, 1526 (8th Cir. 1995). The
decision whether to grant a severance is within the sound discretion of the
trial court. United States v. Cadwell, 864 F.2d 71 (8th Cir. 1988).

Robert Beauvais moves the court to sever Count 1 of the indictment
from Counts 2, 3, 4, 5, and 6. He argues that the charges in Count 1
constitute substantially different crimes than those contained in the other
counts. Count 1 charges conspiracy to commit theft and embezzlement
regarding the IHS, CHR, and HHI. Counts 2 through 6 charge conspiracy to
commit theft and embezzlement and separate counts of theft and
embezzlement regarding WRHCC. Although Beauvais argues that these

3

charges are substantially different and therefore improperly joined, all of the counts allege a scheme created and operated by the same three individuals who alternately employed one another in order to steal and embezzle funds. The charges in this case refer to the same types of offenses, allegedly committed by the same combination of people, in a relatively short amount of time. The charges are "of the same or similar character." Ruiz, 2005 WL 1558883 at *13 (citing United States v. Boyd, 180 F.3d 967, 981 (8th Cir. 1999) (finding that offenses are of the same or similar character if they refer to the same type of offenses occurring over a relative short period of time and have overlapping evidence)). Although the victims in Count 1 are different from the victims in Counts 2 through 6, the crimes are nonetheless of a similar character, based on similar transactions, and are connected with or constitute parts of a common scheme or plan allegedly created and operated by Robert Beauvais, Victoria Lee, and Frances Beauvais. The offenses were therefore properly joined under Rule 8.

"If joinder is proper under Rule 8, the defendant seeking severance has the heavy burden of demonstrating that a joint trial will impermissibly infringe his right to a fair trial." United States v. Warfield, 97 F.3d 1014, 1019 (8th Cir. 1996) (additional citations omitted). There is a strong presumption against severing properly joined cases. Ruiz, 2005 WL

4

1558883 at *13 (citing United States v. Delpit, 94 F.3d 1134, 1143 (8th Cir. 1996).  To grant a motion for severance, the necessary prejudice must be "severe or compelling."  United States v. Warfield, 97 F.3d 1014, 1018 (8th Cir. 1996).  This is because "a joint trial gives the jury the best perspective on all of the evidence and, therefore, increases the likelihood of a correct outcome."  United States v. Darden, 70 F.3d 1507, 1528 (8th Cir. 1995).

Prejudice is not demonstrated by merely claiming that a defendant would have a better chance for acquittal in a separate trial.  United States v. Shivers, 66 F.3d 938, 939 (8th Cir. 1995).  In order to grant severance, a defendant must show real prejudice.  United States v. Mickelson, 378 F.3d 810, 817 (8th Cir. 2004) ("to warrant severance a defendant must show 'real prejudice,' that is, 'something more than the mere fact that he would have had a better chance for acquittal had he been tried separately.'" (citing United States v. Oakie 12 F.3d 1436, 1441 (8th Cir. 1993), United States v. Adkins, 842 F.2d 210, 211-12 (8th Cir. 1988))).  A defendant can show real prejudice toward the right to a fair trial by showing that the jury will be unable to compartmentalize the evidence.  Mickelson 378 F.3d at 818 (citing United States v. Washington , 318 F.3d 845, 858 (8th Cir. 2003), United States v. Jackson, 64 F.3d 1213, 1217 (8th Cir. 1995)).

Beauvais claims that the jury could potentially consider all of the evidence presented in deciding his guilt on the separate counts. But "[t]he risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions. Delpit, 94 F.3d at 1143-44 (citing Zafiro v. United States, 506 U.S. 534, 537, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993)). Even if the offenses were severed, evidence from both counts may be admissible in both trials:

> Inevitably, some prejudice results from having the jury aware of evidence of one crime while considering whether the defendant is guilty of another. Evidence is not excludable under Rule 403, however, where the evidence of each crime would have been admissible on a separate trial on the other crime. Where evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together.

United States v. Dennis, 625 F.2d 782, 802 (8th Cir. 1980) (citing United States v. Bohr, 581 F.2d 1294 (8th Cir. 1978)). Under Rule 404(b), evidence regarding the allegations in Count 1 may also be admissible at the trial on Counts 2 through 6 in order to show proof of motive, intent, preparation, plan, knowledge, identity, and absence of mistake or accident. Both allegations involved the same individuals using the same or similar methods in committing crimes together. The allegations contained in Count 1 are both substantially similar and related to the same scheme of events contained in Counts 2 through 6. Any prejudice Robert Beauvais would

6

suffer by allowing the jury to hear evidence regarding both allegations can be negated through carefully constructed jury instructions and would not necessarily be avoided by separate trials due to the rules of evidence. Robert Beauvais has not shown that unfair prejudice will be unavoidable if the offenses are tried together.

## CONCLUSION

The counts against Robert Beauvais are reasonably related, concerned with the same or similar transactions, and stem from a common scheme. Beauvais has not shown he would be unfairly prejudiced if the motion to sever is denied.  Even if he were, such prejudice could be negated through jury instructions.  Accordingly, it is hereby

ORDERED that Robert Beauvais' motion to sever (Docket 86) is denied.

Dated July 11, 2005.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE